IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTRYWIDE HOME LOANS, INC. )<br>a New York Corporation, )<br>                                          )<br>            Plaintiff, )<br>     v.                                   )<br>                                          )<br>UNITED STATES OF AMERICA, )<br>acting through the Internal Revenue )<br>Service; LA JOLLA GROUP II, an )<br>entity form unknown; TERRANCE )<br>FRAZIER, individually and dba La Jolla )<br>Group II; NEVADA TRUST DEED )<br>SERVICES INC., a Nevada Corporation; )<br>LA SALLE NATIONAL BANK, as )<br>TRUSTEE FOR AVONDALE HOME )<br>EQUITY LOAN TRUST 1998-1, an )<br>entity form unknown; ROBERT G. )<br>GONZALES, an individual; MARISELA )<br>GONZALES, an individual; ALL )<br>PERSONS KNOWN AND UNKNOWN )<br>CLAIMING A RIGHT, TITLE OR )<br>INTEREST IN OR TO THE REAL )<br>PROPERTY COMMONLY KNOWN )<br>AS 765 EAST WOODHAVEN LANE, )<br>FRESNO, CALIFORNIA, )<br>                                          )<br>            Defendants. )<br>_____ )<br>                                          )<br>and related cross and counter claims. )<br>_____ ) | NO. 1:02-CV-06405 AWI SMS<br><br>AMENDED FINDINGS OF FACT<br>AND CONCLUSIONS OF LAW<br>AND ORDER AMENDING<br>JUDGMENT |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

In light of the Ninth Circuit's October 5, 2010 order:

1.    CTC's erroneous Notice of Full Reconveyance converted Countrywide's senior deed of trust into an equitable lien of equal priority.  See First Fidelity Thrift & Loan Ass'n v. Alliance Bank, 71 Cal. Rptr. 2d 294, 300-01 (Cal. Ct. App. 1998) (finding that an erroneously

1 reconveyed deed of trust created "an equitable claim to reinstatement of a previously extinguished lien"); see also 4 Harry D. Miller, Miller & Starr's California Real Estate § 10:30 (3d ed. 2000) [hereinafter Miller & Starr] (equitable lien has the same priority as the erroneously reconveyed lien).  The foreclosure sale by Nevada Trust Deed Services, Inc. ("Nevada Trust") under a junior deed of trust did not extinguish this lien.  5 Miller & Starr § 11:99.

  2. Defendants did not acquire the home free and clear of Countrywide's lien because they were not bona fide purchasers for value.  See Melendrez v. D & I Inv., Inc., 26 Cal. Rptr. 3d 413, 424 (Cal. Ct. App. 2005).  A buyer at a foreclosure sale is a bona fide purchaser if he (1) bought the property for fair value; and (2) had no knowledge or notice of anyone else's rights to the property.  5 Miller & Starr § 11:50.

  Although a purchaser at a foreclosure sale may rely on the record of title, he must investigate ambiguities in that record.  5 Miller & Starr § 11:81.  Here, CTC's Notice of Full Reconveyance reciting that Countrywide's senior lien had been paid in full was inconsistent with both Nevada Trust's Notice of Default initiating foreclosure proceedings on a much smaller junior lien and CTC's second Notice of Default.  These inconsistencies put defendants on notice because they had "knowledge of circumstances[,] which, upon reasonable inquiry, would lead to [discovery of Countrywide's unrecorded lien]."  Triple A Mgmt. Co. V. Frisone, 81 Cal. Rptr. 2d 669, 676 (Cal. Ct. App. 1999) (quoting First Fidelity Thrift & Loan Ass'n, 71 Cal. Rptr. 2d at 301).

  First Fidelity Thrift & Loan Ass'n v. Alliance Bank, 71 Cal. Rptr. 2d 295 (Cal. Ct. App. 1998) holds that Defendants had a duty of inquiry, which is "discharged once the . . . discrepancy [in the record of title has] been explained in a manner consistent with normal practice."  First Fidelity, 71 Cal. Rptr. 2d at 303.  Defendants didn't discharge their duty under First Fidelity because they never investigated the inconsistencies between CTC's Notice of Full Reconveyance and the two Notices of Default.

///

      The court found that Nevada Trust would have told the defendants that the Notice of Full Reconveyance had been recorded by mistake.  The court also found that a call to CTC would have revealed that it had initiated foreclosure proceedings under Countrywide's lien.  Thus, had defendants investigated, they would have learned that Countrywide retained an interest in the home.  See 5 Miller & Starr § 11:61 (constructive notice of facts discoverable through reasonable investigation).

      3.    Countrywide isn't entitled to rescission due to procedural irregularities because it hasn't proved that it was prejudiced by Nevada Trust's statements or any collusion between Defendants.  A procedural irregularity must have "contributed to the inadequacy of price or otherwise injured" the party seeking rescission for the court to "set aside a nonjudicial foreclosure sale."  Knapp v. Doherty, 20 Cal. Rptr. 3d 1, 14 (Cal. Ct. App. 2004) (emphasis omitted).  Because Defendants aren't bona fide purchasers, Countrywide retains a valid lien on the home.  Countrywide hasn't shown that it will be prejudiced by having to enforce this lien through a judicial foreclosure proceeding.  See 4 Miller & Starr § 10:32 (equitable creditor's remedy is limited to judicial foreclosure).  Countrywide therefore hasn't rebutted the presumption that the foreclosure sale was conducted fairly and regularly.  See 4 Miller & Starr § 10:211.  Countrywide's argument that the homeowners were prejudiced is irrelevant because they're no longer parties to the suit.  Cf. Lo v. Jensen, 106 Cal. Rptr. 2d 443, 446 (Cal. Ct. App. 2001) (finding that debtor could rescind sale when collusion caused home to sell for a fraction of fair market value).

4.    Nevada Trust's failure to give the IRS adequate notice was not a proper ground for rescinding the foreclosure sale because the statute obligating trustees to notify the IRS, Cal. Civ. Code § 2924b(c)(4), was enacted after the sale occurred.  Rescission is a retrospective remedy, and section 2924b( c)(4) lacks any "express declaration of retrospectivity or a clear indication that the electorate, or the Legislature, intended [the statute to apply retrospectively]."  Tapia v. Superior Court, 807 P.2d 434, 436 (Cal. 1991).

**CONCLUSIONS**

1. LJG II and Frazier were not bona fide purchasers at the August 15, 2002 sale, and they did not take title to the Property free and clear of any equitable claim asserted by Countrywide.

2. Within fifteen days of this order's date of service, Countrywide shall submit a proposed judgment in conformance with the Ninth Circuit's order.

IT IS SO ORDERED.

Dated:   May 11, 2011

CHIEF UNITED STATES DISTRICT JUDGE