IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTRYWIDE HOME LOANS, Inc. a New York Corporation,<br><br>   Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA, acting through the Internal Revenue Service, et. al.<br><br>   Defendants.<br>_____<br>LA JOLLA GROUP II, a California general partnership, and TERRANCE FRAIZER,<br><br>   Counter-Claimants,<br><br> v.<br><br>COUNTRYWIDE HOME LOANS, INC., a New York corporation; NEVADA TRUST DEED SERVICES, INC., a Nevada corporation; LA SALLE NATIONAL BANK as TRUSTEE FOR AVONDALE HOME EQUITY LOAN TRUST 1998-1, an entity form unknown; UNITED STATES OF AMERICA, acting through the INTERNAL REVENUE SERVICE; CTC REAL ESTATE SERVICES, a California corporation; ROBERT G. GONZALES, an individual; and MARISELA GONZALES, an individual,<br><br>   Counter-Defendants. | 1:02-CV-6405-AWI-SMS<br><br>**DIRECTIONS FOR ADDITIONAL BRIEFING**<br><br>(DOC. 331 & 332) |

The present motion, and later application, between Plaintiff Countrywide Home Loans, Inc. ("Countrywide") and Counter-Claimants La Jolla Group II ("La Jolla") and Terance Frazier first came before the court on February 26, 2015.  The court now issues further directions for clarification.

On October 5, 2010, the Ninth Circuit reversed and remanded this court's October 25, 2007 judgment in the matter and, among other findings, concluded that "[b]ecause [La Jolla and Frazier] aren't bona fide purchasers, Countrywide retains a valid lien on the home.  Countrywide hasn't shown that it will be prejudiced by having to enforce this lien through a judicial foreclosure proceeding.  See 4 Miller & Starr § 10:32 (equitable creditor's remedy is limited to judicial foreclosure)."  Doc. 43-1, p. 4-5.

On remand, this court issued a judgment with nine orders including that title to the subject real property be quieted in favor of La Jolla and Frazier, that this title to the property was subject to the pre-foreclosure tax liens, and that the amount of the equitable lien awarded to Countrywide consisted of the indebtness due under the deed of trust.  See Doc. 314.

In response to Countrywide's motion, this court then issued an order setting the amount of the equitable lien in the sum of $342,666.07 as of January 18, 2013 and $31.9713 per diem thereafter.  See Doc. 322.  Subsequently, at the request of Countrywide, the clerk of the court issued two writs of execution and an abstract of judgment.  See Doc. 324, 326-27, 329-30.  A notice of levy was soon posted on the subject real property.  See Doc. 331-3., Exh. F-G.

This court has concerns about how the rule of mandate might apply to this matter (1) generally in relation to the writs of execution and the abstract of judgment and (2) specifically to the order setting the amount of the equitable lien.  See Hall v. City of Los Angeles, 697 F.3d 1059, 1067 (9th Cir. 2012).  The court finds that it is appropriate for the parties to submit additional briefing on these issues.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The parties file simultaneous briefings on or before May 18, 2015 and replies on or before May 25, 2015 about how the rule of mandate applies to this matter (1) generally in relation to the writs of execution and the abstract of judgment and (2) specifically to the order setting the amount of the equitable lien.

IT IS SO ORDERED.

Dated:   May 5, 2015                              _____
                                                  SENIOR  DISTRICT  JUDGE